UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JIMMY DELGADO,
                              Plaintiff,

               -v-                                      13 Civ. 191 (KBF)

DEPT. DEMBAR, et al.,                   OPINION & ORDER
                             Defendants.:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 24 2014

KATHERINE B. FORREST, District Judge:

On January 7, 2013, plaintiff Jimmy Delgado, who is representing himself pro se, filed this action alleging that he was held in the Segregated Housing Unit ("SHU") at the George R. Vierno Center ("GRVC") on Rikers Island for nine days in violation of his civil rights pursuant to 42 U.S.C. § 1983. On October 21, 2013, plaintiff filed an Amended Complaint (ECF No. 18), and on February 18, 2014, plaintiff filed a Second Amended Complaint naming Correctional Officer Andino, Captain Purdy and Assistant Deputy Warden Dunbar as defendants (ECF No. 43).

Before this Court is defendants' motion to dismiss.[1] (ECF No. 46.) Plaintiff missed his initial April 10, 2014 deadline to respond to defendants' motion. On April 18, 2014, the Court issued an Order allowing plaintiff to file a response by April 28, 2014. (ECF No. 54.) The Court also informed plaintiff that, if he failed to respond, "the Court will take the motion as unopposed." (Id.) The Docket reflects that the Court mailed a copy of the Order to plaintiff. (See ECF No. 54, indicating "Copies Sent By Chambers.") Plaintiff failed to file a response within that deadline,

---

[1] The motion to dismiss relies on a brief they had filed on December 19, 2013 in connection with defendants' motion to dismiss the First Amended Complaint. (ECF No. 26.)

and he has not attempted otherwise to respond to defendants' motion.[2] The Court considers the motion unopposed but nonetheless considers its merits. See Goldberg v. Danaher, 599 F.3d 181, 183 (2d Cir. 2010) (explaining that district courts should consider the merits of a motion to dismiss rather than automatically grant the motion if a plaintiff fails to respond).

For the reasons set forth below, the Court hereby GRANTS defendants' motion to dismiss.

I.  BACKGROUND

Plaintiff, who is incarcerated, alleges that on or about November 21, 2012, he was taken to the SHU at the GRVC "for no appearance [sic] reason" and held there for approximately nine days. (Second Am. Compl., Brief Statement of Facts ("Facts") ¶ 1-2.) Plaintiff included in his First Amended Complaint a report from C.O. Andino regarding the events leading to plaintiff being taken to SHU.[3] (First Am. Compl., at Attachment: Report and Notice of Infraction). C.O. Andino reports witnessing another inmate punch plaintiff in the facial area; although plaintiff did not return any punches, a "probe team" arrived and escorted the inmates to "intake." (Id.) The Notice of Infraction charged plaintiff with "assault with injury"

---

[2] A letter from plaintiff to the Court was filed on May 12, 2014 asking for the "history deter [sic] sheet." (ECF No. 55.) The Docket reflects that the Pro Se office mailed a copy of the docket to plaintiff. Another letter from plaintiff to the Court was filed on July 2, 2014 inquiring into the status of the case. (ECF No. 56.) The Docket reflects that the Pro Se office mailed a new copy of the docket to plaintiff. At no point has plaintiff responded to defendants' motion to dismiss or sought additional time to do so.

[3] Plaintiff's Second Amended Complaint skips from page 2 to page 5; it is unclear whether this gap was intentional. In order to liberally construe the papers, the Court turns to the First Amended Complaint to fill in some factual gaps.

(Charge Number 101.12) and "refuse [sic] to obey a direct order" (Charge Number 26.11). (Id.)

Plaintiff alleges that he was denied visitation rights of family members while in the SHU. (Facts ¶ 1.) He further alleges that he "was denied proper bedding and subjected to cruel and unsual [sic] punishment and illegal detention." (Id.) Plaintiff alleges he suffered injuries of "emotional and psychological" trauma as a result of his placement in the SHU. (Id. ¶ 2-3.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the Complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations and internal quotation marks omitted). Accordingly, the Court "liberally construe[s] pleadings and briefs submitted by pro se litigants . . . reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007). However, even a pro se complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see Fuentes v. Tilles, 376 F. App'x 91, 92 (2d. Cir. 2010) (affirming district court's dismissal of pro se complaint for failure to state a claim).

In deciding an unopposed motion to dismiss, the Court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall v. Pataki, 232 F.3d 321, 322–23 (2d Cir. 2000) (citation omitted).

III. DISCUSSION

Based on his allegedly unconstitutional confinement in the SHU, plaintiff seeks $2,000,000 in compensatory damages and $30,000 in punitive damages for violations of his Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Id. ¶ 4-5.)

Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims. Plaintiff's claims indeed fail for several reasons: (1) plaintiff has failed to exhaust the administrative remedies, (2) he has failed to state a claim of unconstitutional conditions of confinement, (3) he has failed to allege that defendants were personally involved in any constitutional violation, and (4) in the absence of allegations of physical injury, his claim for money damages must be dismissed.

a. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is 'mandatory' and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'" Hernandez v. Coffey, 582 F.3d 303, 305 (2d Cir. 2009) (quoting Porter v. Nussle, 534 U.S. 516, 524 (2002)). Where a plaintiff's failure to exhaust his or her administrative remedies under the PLRA appears on the face of the complaint, dismissal is warranted at the pleading stage. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

Plaintiff fails to allege any facts in the Second Amended Complaint concerning his exhaustion of the DOC's grievance process. In his First Amended Complaint, however, plaintiff acknowledges the existence of a grievance program,

admits that he did not file a grievance, and claims that the grievance procedure did not cover his claim. (First Am. Compl. ¶ IV(B)-(D).) The grievance program that was in place at the time of plaintiff's confinement in SHU, however, explicitly covers grievances related to "an issue, condition, practice or action relating to the inmate's confinement." See Inmate Grievance and Request Program, DOC Directive 3376 § II(A) (2012). To exhaust administrative remedies, an inmate in a New York City correctional facility such as GRVC must file a grievance with the Inmate Grievance Resolution Committee, and follow through on a series of administrative appeals. Id.

Here, the complaint contains no allegations whatsoever as to the filing of a single grievance, let alone exhaustion of the applicable DOC grievance process. Liberally construed, plaintiff alleges that he spoke to the "box main intake captain" nine days after being placed in the SHU and was released four or five hours later. (First Am. Compl. ¶ IV(F)(2).) Yet, "[a]lerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion" under the PLRA. Macias v. Zenk, 495 F.3d 37, 44 (2d Cir. 2007) (alterations and internal citations omitted).

Accordingly, plaintiff's § 1983 claims are dismissed for failure to exhaust administrative remedies under the PLRA.

b. Constitutionality of Confinement

Liberally construed, the complaint alleges a due process violation and an Eighth Amendment violation for the confinement described above. (Facts ¶ 3.) Supreme Court precedent requires their dismissal.

6

1. Due Process Claim

In order to state a due process claim, plaintiff must adequately allege that he has a protected liberty interest, and if so, that he was deprived of sufficient process to protect that interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995). A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Factors relevant to determining whether the plaintiff endured an "atypical and significant hardship" include "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions" and "the duration of the disciplinary segregation imposed compared to discretionary confinement." Wright v. Coughlin, 132 F.3d 133, 136 (2d Cir. 1998).

The Supreme Court has held that 30 days in disciplinary segregation does not create such a liberty interest. Sandin, 515 U.S. at 486; see also Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir. 1996) (12 days in the SHU is not a "significant deprivation of liberty interest"). The Second Circuit has further held that even where there is an absence of a detailed factual record, dismissal of due process claims is appropriate "where the period of time spent in SHU was exceedingly short—less than the 30 days that the Sandin plaintiff spent in SHU—and there was no indication that the plaintiff endured unusual SHU conditions." Palmer v. Richards, 364 F.3d 60, 65-66 (2d Cir. 2004). Here, there is no indication in the limited amount of information plaintiff put forth in the pleading that he endured

unusual conditions during his nine days in the SHU. His nine days in the SHU is less than that which was insufficient for a valid claim in Sandin, and does not create a liberty interest indicative of "atypical and significant hardship."

### 2. Eighth Amendment Claim

"The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to state a claim that conditions of confinement violate the Eighth Amendment, plaintiff must satisfy both an objective and subjective test: (1) the deprivation denied him "the minimal civilized measures of life's necessities," and (2) the defendants effectuated the deprivation with either a "sufficiently culpable state of mind" or with "deliberate indifference." See Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012).

Plaintiff fails to satisfy either test. Plaintiff's vague claim about "proper" bedding does not amount to a denial of "the minimal civilized measures of life's necessities." See Boyd v. City of New York, No. 12 Civ. 3385 (PAE) (JCF), 2012 WL 5914007, at *3 (S.D.N.Y. Sept. 18, 2012), rep't & rec. adopted in relevant part, 2013 WL 452313 (Feb. 6, 2013) ("Simply stated, the Eighth Amendment does not mandate comfortable . . . beds") (internal quotations omitted). Similarly, plaintiff has failed to demonstrate that his claim about deprivation of visitation with family during his time in the SHU objectively denied him "the minimal civilized measures

of life's necessities." See Patterson v. City of New York, No. 11 Civ. 7976 (DLC), 2012 WL 3264354, at *7 (S.D.N.Y. Aug. 9, 2012) ("limitations on visits that are reasonably related to a legitimate penological interest do not violate a prisoner's constitutional right.") Even if the Court were to find that plaintiff has alleged sufficient facts to warrant further fact-finding on the severity of the conditions in SHU, he has not alleged that any of the defendants had the requisite culpable state of mind to support an Eighth Amendment claim.

Accordingly, plaintiff's § 1983 claims are further dismissed for failure to state a claim of unconstitutional confinement.

c. Personal Involvement of Defendants

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted).[4]

Even assuming plaintiff had adequately plead an underlying constitutional violation, which he has not, the complaint fails to allege facts sufficient to state a § 1983 claim against any of these particular defendants. The complaint contains no factual allegations as to the involvement of these defendants in plaintiff's confinement in the SHU. None is mentioned in plaintiff's Second Amended

---

[4] In Grullon, the Court stated, "personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring." Id. at 139 (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

9

Complaint beyond being listed as defendants. (Second Am. Compl. ¶ IB.) The only facts the Court can glean from the entire docket comes from the "Report and Notice of Infraction" attached to the First Amended Complaint, which indicates that Andino witnessed the assault, and Purdy serving the Notice upon plaintiff. Plaintiff fails to even make a conclusory statement that any of the defendants had a part in the decision to send plaintiff to the SHU.

Accordingly, plaintiff's § 1983 claims against these defendants are also dismissed for failure to adequate allege personal involvement.

d. Claim for Monetary Damages

Plaintiff makes claims for $2,000,000 in compensatory damages and $30,000 in punitive damages as a result of various emotional and psychological traumas and mental anguish suffered as a result of his allegedly unconstitutional confinement in the SHU. (Second Am. Compl. ¶¶ 2, 4-5.) Under the PLRA, a prisoner may not recover damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." See 42 U.S.C. § 1997e(e); Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002). Plaintiff fails to allege facts that support a showing of emotional trauma, let alone a showing of even a de minimis physical injury, as required by the PLRA to recover civil damages. Thus, his claims for damages must be dismissed.

IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at ECF No. 47, and to terminate this action.

SO ORDERED.

Dated:    New York, New York
          September 24, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC:
Jimmy Delgado
13-A-4352
Clinton Correctional Facility
P. O. Box 2000
Dannemora, NY 12929
PRO SE